**Ferdous AHMED, Petitioner–Appellant,**

v.

**Michael B. MUKASEY,[1] Respondent–Appellee.**

**No. 06–1888–ag.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

Salim Sheikh, Esq., New York, NY, for Appellant.

Leon Patton, Assistant United States Attorney, for Eric F. Melgren, United States Attorney for the District of Kansas, Kansas City, KS, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[2]

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

2. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**32**

## SUMMARY ORDER

Petitioner Ferdous Ahmed, a citizen of Bangladesh, seeks review of a BIA order dated March 28, 2006, denying his motion to reopen. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

We identify no error in the BIA's determination that Ahmed was statutorily ineligible for the relief he sought in his motion to reopen. In an order dated November 10, 2005, the BIA permitted Ahmed voluntarily to depart from the United States within sixty days, *i.e.,* by January 9, 2006. Ahmed remained in the country past that date, filing his motion to reopen on February 7, 2006. Once Ahmed failed voluntarily to depart, he became ineligible for the adjustment of status he sought in his motion to reopen. *See* 8 U.S.C. § 1229c(d) ("if an alien ... voluntarily fails to depart ... the alien ... shall be ineligible, for a period of 10 years, to receive any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title."). Thus, the BIA acted within its discretion in denying Ahmed's motion to reopen on the basis of his statutory ineligibility for the relief he sought. *See Singh v. Gonzales,* 468 F.3d 135, 139–40 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.